## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-336-1** |
| | : | |
| | : | |
| **IRIS RIVERA-FIGUEROA** | : | |

## O R D E R

    **AND NOW**, this      day of            , 2023, upon consideration of Defendant's

Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1), it is

hereby **ORDERED** that said Motion is **GRANTED**.  The defendant's term of supervised release

is hereby **TERMINATED**.

                           BY THE COURT:

                           _____

                           THE HONORABLE CHAD F. KENNEY
                           United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-336-1** |
| | : | |
| | : | |
| **IRIS RIVERA-FIGUEROA** | : | |

**DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)(1)**

Iris Rivera-Figueroa, by and through her attorney, Jonathan McDonald, Assistant Federal

Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, files the

instant motion requesting termination of her supervised release pursuant to 18 U.S.C. §

3583(e)(1).

Ms. Rivera-Figueroa has served roughly 20 months of the 36-month supervised release

term imposed by this Honorable Court. Ms. Rivera-Figueroa is 46 years old and fully

reintegrated into society. She has maintained a stable residence as well as steady employment.

U.S. Probation Officer Alexis Villegas-Erazo does not oppose Ms. Rivera-Figueroa's request,

and he confirms that she has been in full compliance with her supervision conditions.

Termination of the remainder of Ms. Rivera-Figueroa's supervised release in this case serves the

best interests of justice.

I.    **The Legal Standard**

This Honorable Court possesses the authority to terminate Ms. Rivera-Figueroa's

supervised release term before its natural expiration date, pursuant to 18 U.S.C. §

3583(e)(1). Specifically, a court may terminate a term of supervised release where, in addition to

the relevant factors under 18 U.S.C. § 3553(a), the court finds that the defendant has met three requirements: (1) the defendant has served one year of supervised release, (2) her conduct warrants early termination, and (3) early termination is in the "interest of justice."

The Third Circuit has interpreted § 3583(e)(1) to require the court to simply consider the relevant factors under § 3553(a) and determine whether "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)).[1]  The Third Circuit has concluded that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*.

## II.    In light of Ms. Rivera-Figueroa's successful reintegration into society and minimal risk of recidivism, this Court should exercise its discretion and terminate supervision.

A review of the factors of 18 U.S.C. § 3553(a) makes it clear that Ms. Rivera-Figueroa has fulfilled the requirements of 18 U.S.C. § 3583(e)(1).

On July 31, 2018, Ms. Rivera-Figueroa was found guilty following a jury trial of making a false statement to a federal agent, in violation of 18 U.S.C. § 1001. This offense occurred on or

---

[1] 18 U.S.C. § 3583(e)(1) instructs the court to consider the following factors under § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Melvin*, 973 F.3d at 52; 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7)).

about September 3, 2015. Prior to this conviction, Ms. Rivera-Figueroa had not obtained any adult convictions or juvenile adjudications. The offense of conviction was simply an isolated instance of extremely poor decision-making by Ms. Rivera-Figueroa. *See* 18 U.S.C. § 3553(a)(1).

On February 26, 2020, the Honorable Pedro A. Delgado-Hernandez sentenced Ms. Rivera-Figueroa to 15 months of imprisonment to be followed by three years of supervised release. The Court also imposed a special assessment of $100. To date, Ms. Rivera-Figueroa has served roughly 20 months of supervision without incident and she has paid her court costs in full. *See* 18 U.S.C. § 3553(a)(7). The probation office has classified Ms. Rivera-Figueroa as a low risk level offender, a designation which does not require her to report in person to her probation officer but to simply submit monthly reports via computer or telephone.

Ms. Rivera-Figueroa acknowledges the seriousness of her criminal history. Specifically, she understands that her offense of conviction was serious and warranted a prison sentence that was sufficiently punitive and deterrent. It is clear, however, that the term of incarceration she has completed, along with the period of supervised release she has served to date, are sufficiently punitive and deterrent for a similarly situated defendant today. *See* 18 U.S.C. § 3553(a)(4), (6).

Ms. Rivera-Figueroa is now a 46 year-old, law-abiding citizen and resides at an address approved by probation. She has worked as a contractor for UPS, and she is currently seeking employment in warehouse operations. Ms. Rivera-Figueroa is an active, productive member of society who has fully embraced a crime-free lifestyle. She seeks early termination of her supervised release term so that she may travel unencumbered to Puerto Rico to visit her family and friends.

Continued supervision is not necessary to provide Ms. Rivera-Figueroa with any "educational or vocational training, medical care, or other correctional treatment" she may have needed when first released from prison. Ms. Rivera-Figueroa in fact has no intention of participating in any unlawful activity. Instead, she will spend her time working and visiting her family and friends in Puerto Rico. Ms. Rivera-Figueroa is sufficiently deterred from committing future criminal acts and poses a very low risk to the public. *See* 18 U.S.C. § 3553(a)(2)(B)–(D).

The United States Sentencing Commission has noted that early termination is warranted for laudable, but not necessarily unusual, conduct.  *See* 18 U.S.C. § 3553(a)(5); U.S.S.G. § 5D1.2, cmt. n.5; *see also* U.S.S.G. Supp. App. C. Amend. 756 (adding this commentary).

Thus, an examination of the relevant factors under § 3553(a) indicates that Ms. Rivera-Figueroa's service of her supervision release term to date has met these factors.

With respect to Ms. Rivera-Figueroa's conduct under § 3583(e)(1), it is relevant that the defendant has "faithfully complied with the conditions of supervised release." *United States v. Seger*, 577 Fed.Appx. 1, 1 (1st Cir., Oct. 8, 2014) (per curiam). U.S. Probation Officer Alexis Villegas-Erazo confirmed that Ms. Rivera-Figueroa has maintained full compliance of her supervision conditions during his supervision of Ms. Rivera-Figueroa. Upon information and belief, the government has obtained no information to contradict the averments of Mr. Villegas-Erazo regarding Ms. Rivera-Figueroa's compliance with the conditions of her release. Thus, as Ms. Rivera-Figueroa has remained in substantial compliance with her supervision conditions, she satisfies the conduct requirement under § 3583(e)(1).

The phrase "interest of justice," is "a peculiarly context-specific inquiry," not susceptible to a "general definition." *Martel v. Clair*, 565 U.S. 648, 663 (2012). The authors of Black's Law Dictionary attempted to provide a general definition of the phrase, namely "[t]she proper view of

what is fair and right in a matter in which the decision-maker has been granted discretion." Black's Law Dictionary (11th ed. 2019). In reference to the termination of a supervised release term, it would be right and fair to terminate a term of supervised release where the purpose of supervised release has been fulfilled.

The Supreme Court has concluded that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000)(citing § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov.1998);  S.Rep. No. 98–225, p. 124 (1983)). The Court interpreted the congressional intent behind supervised release as a desire "to assist individuals in their transition to community life." *Id*.

It is well settled in the Third Circuit that "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F. 4th 449, 454 (3d Cir. Nov. 3, 2021)(quoting *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012; *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011))(internal quotations omitted). Clearly, "supervised release is not punishment in lieu of incarceration." *Murray*, 692 F.3d at 280 (quoting *United States v. Granderson*, 511 U.S. 39, 50 (1994)) (internal quotations omitted). The Third Circuit in *Murray* noted that the only traditional sentencing factor that is *not* relevant to a court's decision under § 3583(e) is the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Indeed, "[t]his omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Id.* (citing U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 8–9 (2010); quoting 18 U.S.C. § 3553(a)(2)(A)).

As discussed *supra*, Ms. Rivera-Figueroa's service to date of her supervised release term has fulfilled the traditional sentencing factors enumerated in § 3553(a) that are relevant to supervised release. The purpose of supervised release – Ms. Rivera-Figueroa's successful reentry into the community – has been accomplished.[2]  Thus, early termination of Ms. Rivera-Figueroa's supervised release term satisfies the interest of justice requirement under § 3583(e)(1). *See, e.g.*, *Mabry*, 528 F.Supp.3d at 358 ("early termination of Mabry's supervised release term is in the interest of justice because the purpose of supervised release, i.e., her successful reentry into the community, has been accomplished, as evidenced by the absence of arrests or convictions since her release from custody, her steady employment, stable residence, her sobriety, and the relatively short time left on her supervised release term.").

In addition, termination of supervised release in this case is sound policy. Congress has recognized that public policy favors giving the courts the discretion to terminate a term of supervised release early. Consequently, Congress created the mechanism to terminate a supervised release term before its natural expiration date by enacting 18 U.S.C. § 3583(e)(1). Further note that a group of senators recently introduced the "Safe Supervision Act of 2022," which seeks to create a "presumption of early termination of supervised release" once a supervised offender has served at least 50% of his supervised release term.[3] These lawmakers have recognized that "[t]he potential for early termination or other modifications of supervision, when consistent with public safety, can not only reduce burdens and save valuable judicial

---

[2]Hon. Robert Holmes Bell, Chair of the Judicial Conference Committee on Criminal Law, Cost-Containment Strategies Related to Probation and Pretrial Services Offices, Mem. to U.S. District Court and Magistrate Judges (Feb. 16, 2012), at 2, available at:
http://www.jensendefense.com/images/Cost_Containment_Strategies_in_Federal_Sentencing.pdf.

[3]"Safe Supervision Act of 2022," S. 5040, 117th Cong., 1st Sess. § 3(F) (2022).

resources, but also create positive incentives for compliance and rehabilitation consistent with the purposes of supervision."[4]

Research conducted by the judicial branch also substantiates the benefits of early termination under § 3583(e)(1). Indeed, early termination curtails the waste of limited funds and human resources on supervision that does not enhance public safety.[5]  Research has shown that recipients of early termination are less likely to recidivate.[6] Early termination also eliminates restrictions that unnecessarily hamper a supervisee's complete reintegration into society. The judicial branch has recognized that "excessive correctional intervention for low-risk defendants may increase the probability of recidivism by disrupting prosocial activities and exposing defendants to antisocial associates. The majority of resources, therefore, should be devoted to higher-risk defendants."[7] At least one court has noted that:

> Supervised release is directed to rehabilitation, not punishment. Thus, when its rehabilitative purposes have been accomplished as determined by a supervisee's overall conduct following release from prison, there is no reason for its continuation. Prolonging supervised release could disserve rehabilitation by over-scrutiny and, especially in this time of Probation Office budget reductions, result in unnecessary expenditures.

*United States v. Alexis Ramos*, No. 3:11-cr-00001-JBA, ECF No. 878 (D.Conn., Mar. 17, 2020).

Further, the Sentencing Commission has encouraged the courts to use § 3583(e)(1) in "appropriate cases." *See* Commentary to U.S.S.G. § 5D1.2, Application Note 5. There is no

---

[4]Id. at § 2(4).

[5]*See* Laura M. Baber & James L. Johnson, Early Termination of Supervision: No Compromise to Community Safety, 77 *Federal Probation Journal*, No. 2, (Sept. 2013), available at https://www.uscourts.gov/federal-probation-journal/2013/09/early-termination-supervision-no-compromise-community-safety.

[6]*See* Holmes Bell, *supra*, at 2.

[7]Administrative Office of the United States Court, *Overview of Probation and Supervised Release Conditions*, Ch. 1, § III(A)(1)(a)(i) (Nov. 2016), available at https://www.uscourts.gov/sites/default/files/overview_of_probation_and_supervised_release_conditions_0.pdf.

indication that the exercise of this authority to terminate supervision early requires of showing of any circumstances other than "full compliance." *United States v. Moore*, No. CR 01-238 (BAH), 2020 WL 435296, at *5 (D.D.C. Jan. 28, 2020)(citing Commentary to § 5D1.2; "This example does not require or even mention a showing that the defendant did something more extraordinary than complying with a supervision condition of successfully completing a treatment program.").

## III.    Conclusion

Ms. Rivera-Figueroa's service of her supervised release term to date has fulfilled the requirements for early termination under 18 U.S.C. § 3583(e)(1). No sentencing purpose is served by continuing to expend judiciary branch resources on supervising Ms. Rivera-Figueroa for another 16 months. In sum, Ms. Rivera-Figueroa's conduct, and the interest of justice, warrant the early termination of her supervised release term.

**WHEREFORE**, for the foregoing reasons and in the interest of justice, Iris Rivera-Figueroa respectfully moves this Court for an order granting her motion for early termination of supervised release.

Respectfully submitted,


*/s/ Jonathan McDonald*
JONATHAN McDONALD
Assistant Federal Defender

**<u>CERTIFICATE OF SERVICE</u>**

I, Jonathan McDonald, Assistant Federal Defender, Federal Community Defender Office

for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's

Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e) via the

Court's Electronic Filing (ECF) system, which sent notification to Judy Goldstein Smith,

Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania

19106, via her email address Judy.Smith@usdoj.gov.


*/s/ Jonathan McDonald*
JONATHAN McDONALD
Assistant Federal Defender


Date:  February 23, 2023