**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIM. NO. 21-336** |
| | : | |
| IRIS RIVERA-FIGUEROA | : | |

**MEMORANDUM**

Kenney, J.                                                                                      March 24, 2023

Before the Court is Defendant's fully briefed Motion for Early Termination of Supervised Release pursuant to 18. U.S.C. § 3583(e)(1). ECF Nos. 6, 7. For the reasons set forth below, the Court will grant Defendant's Motion and terminate her term of supervised release, effective immediately. An appropriate Order will follow.

## I.       BACKGROUND AND PROCEDURAL HISTORY

On July 31, 2018, following a jury trial in Puerto Rico, Defendant was found guilty of making a false statement to a federal agent in violation of 18. U.S.C. § 1001.[1] ECF No. 7 at 2–3. The offense conduct occurred on September 3, 2015, at which point Defendant was a police officer in Puerto Rico. *Id.* at 2. She and two other officers encountered an individual with a radio scanner and one of her fellow officers tased the individual. *Id.* Her colleague then handed the taser to Defendant who held it while other officers interacted with the tased individual. *Id.* The FBI investigated the incident and Defendant falsely stated that she was not present for the tasing and appeared on the scene only afterwards. *Id.* at 3.

On February 26, 2020, the Honorable Pedro A. Delgado-Hernandez sentenced Defendant to fifteen months of imprisonment. Her advisory guideline range was zero to six months. *Id.* She

---

[1] This is Defendant's only conviction.

was also sentenced to a three-year term of supervised release. *Id.* Following her release from prison, this case was transferred to this Court on August 25, 2021. ECF No. 1. Defendant has served an unblemished twenty months of supervised release and, through counsel, seeks early termination of the remaining sixteen months. ECF No. 6. The Government opposes. ECF No. 7.

## II.    DISCUSSION

Pursuant to Section 3583(e), the Court may, after considering the factors set forth in Section 3553(a)(1), (2)(B)–(D), (4)–(7), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." The relevant 3553(a) factors are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)).

In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). Indeed, it is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Therefore, when considering a modification or termination of supervised release, the Court does

not consider the sentencing factors outlined in Section 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3583(e)(1). Moreover, to modify or terminate a term of supervised release, the Court is not required to find "an exceptional, extraordinary, new, or unforeseen circumstance" and, though it must consider the relevant Section 3553(a) factors, it need not make specific findings as to each. *Melvin*, 978 F.3d at 52–53.

Defendant is forty-six years old and has served fifteen months imprisonment and twenty months of supervised release (with approximately sixteen months outstanding). She maintains stable housing and steady employment (as a contractor for UPS and, recently, as a warehouse worker). ECF No. 7 at 3 n.2. Importantly, the Probation Office has classified Defendant as "low risk," does not oppose this motion, and confirms that Defendant has complied with all terms of supervised release. ECF No. 6 at 1, 4. She seeks early termination of her supervised release term so that she may travel unencumbered to family and friends in Puerto Rico. *Id.* at 4.

The Court finds that now, nearly eight years since the offense conduct occurred, Defendant is a law abiding and productive member of society and that no useful purpose would be served by continued supervised release. Indeed, Defendant's twenty months of supervised release have fulfilled their intended purpose: successful reentry into the community. Accordingly, upon consideration of the relevant Section 3553(a) factors, the Court is satisfied that the termination of Defendant's supervised release sixteen months early is warranted and in the interest of justice.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for Early Termination of Supervised Release will be granted and her term of supervised release will be terminated, effective immediately.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**

Cc:   Counsel
        Probation Office